

**IN THE**
**TENTH COURT OF APPEALS**

———————————

**No. 10-13-00344-CV**

**IN RE HOLCIM (US), INC.**

———————————

**Original Proceeding**

———————————————————————————————————————

**DISSENTING OPINION**

———————————————————————————————————————

In this mandamus proceeding, Holcim asks this Court to compel the trial court to withdraw its order for discovery regarding the cost of a cement plant constructed in Ste. Genevieve, Missouri. Because Holcim has established that the nature, technology, location, and capacity of the Ste. Genevieve plant is so significantly different than the construction of a cement plant comparable to the plant in Midlothian, Texas, I would order the trial court to withdraw its order for discovery and to sustain Holcim's objection to discovery of the cost of construction of the cement plant at Ste. Genevieve, Missouri. Because this Court has summarily denied Holcim relief, I will only briefly outline my disagreement as to why I must, respectfully, dissent. Accordingly, I will not

set out the familiar standards for a writ of mandamus to issue or for discovery to be limited or denied.

The issue in the underlying case is the value of Holcim's cement plant in Midlothian, Texas. The real party in interest is the Appraisal District for the taxing authority, Ellis County Appraisal District. There is generally agreement that one of the proper methods of valuation of such a plant requires the appraiser to start with the cost to build a similar plant that would have the same capacity as the one being valued. Holcim contends that the construction cost of the recently completed plant at Ste. Genevieve, Missouri is not relevant and identifies a number of differences as follows:

1) Capacity;
2) Terrain;
3) Seismology;
4) Distance to Quarry;
5) Location/Shipping Method vis-à-vis highway/river/SMSA; and
6) Design

There are two basic problems for any appraiser trying to compare the cost of the two plants for the purpose of valuing the Midlothian plant. I will call one the "First Time Design" problem and the other the "Nature and Extent of Adjustments" problem. Both are most easily understood by simple analogies.

First Time Design is best understood by recognizing the need to quantify the one-time development cost incurred any time a new design is utilized. All the development cost of the first Boeing 787 Dreamliner makes the first one off the assembly line very expensive when compared to the second one. Only by building

more than one can you effectively determine and isolate development cost from actual production cost of the second, third, fourth, to the 100th unit. In this case, there is no second unit after the unique design, engineering, and construction of the Ste. Genevieve plant to effectively isolate development cost.

Nature and Extent of Adjustment is also best understood by an analogy. An appraiser's stock-in-trade is their ability to identify comparable properties with known values and make the necessary "adjustments" to the comparable property's value to estimate the value of the subject property. Obviously, the closer the comparable property is when directly compared to the subject party, the fewer the adjustments that have to be made. Likewise, the greater the differences in the properties, the greater the number and amount of adjustments that have to be made. And fundamentally, the greater the number and amount of adjustments, the less reliable the result becomes, which is the appraised value of the subject property.

These are both plants that produce cement. That is about the only truly comparable feature of the two plants. It is like using the cost of Trump Tower in New York City to value a four-story office building in Waco, Texas: The number, type, and amount of "adjustments" needed to make a valuation comparison are simply too great to yield a reliable result. But yet, they both include "commercial office space" for rent or lease.

Because the cost to build a cement plant in Ste. Genevieve with so many differences from the Midlothian plant cannot yield any reliable data upon which to value the Midlothian plant, I would hold the trial court abused its discretion when it overruled Holcim's objections to the discovery of the Ste. Genevieve data sought by the Ellis County Appraisal District. Because the Court holds otherwise, I respectfully dissent.


TOM GRAY
Chief Justice

Dissenting opinion issued and Filed December 12, 2013